## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CODY COLEMAN**                                   **CIVIL ACTION**

**VERSUS**                                          **NO.  17-8401**

**W.S. SANDY MCCAIN**                               **SECTION "J"(2)**


## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.    <u>FACTUAL BACKGROUND</u>

The petitioner, Cody Coleman, is a convicted inmate currently incarcerated in the Raymond Laborde Correctional Center, in Cottonport, Louisiana.[2]  On February 26,

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 4.

2008, Coleman was charged by bill of information in Lafourche Parish with one count of armed robbery and one count of aggravated battery with a dangerous weapon.[3]  The Louisiana First Circuit Court of Appeal summarized the facts determined at trial in relevant part as follows:

> On January 26, 2008 the victim, Courtney Moore, was sitting in his car outside a friend's house when the defendant, Moore's cousin, walked up. Moore was talking on his cellular phone and did not think much of the fact that the defendant entered his vehicle and sat in the back seat.  Shortly thereafter, the defendant grabbed Moore around the neck, placed a revolver to his head, and demanded that Moore "give him everything."  Although Moore advised that he did not have anything, the defendant continued to demand money.  As the defendant held Moore by his neck, another unidentified male entered the vehicle and checked Moore's pockets.  When Moore insisted that he did not have any money, the defendant grew angry and struck him on the head with the handle of the revolver.  The defendant took the two cellular phones that Moore had on his lap and exited the vehicle.  As he walked down the street, the defendant, still quite angry, slammed both of Moore's phones on the ground.  Moore exited his vehicle and ran to the vehicle of his friend, Cody Wheaton, who was parked nearby.  Moore used Wheaton's cellular phone to contact his mother.  Moore's mother later reported the matter to the Thibodaux police.  Moore received treatment for a cut on his head at a local hospital.

State v. Coleman, 35 So.3d 1096, 1097-98 (La. App. 1st Cir. 2010); State Record Volume 2 of 3, Louisiana First Circuit Opinion, 2009-KA-1388, pages 2-3, February 12, 2010.

After waiving his right to a jury trial, Coleman was tried before the state trial judge on April 21, 2009, and found guilty as charged on both counts.[4]  On May 14, 2009, the

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 2/26/08.

[4]St. Rec. Vol. 1 of 3, Trial Transcript, 4/21/09; St. Rec. Vol. 2 of 3, Trial Transcript (continued), 4/21/09; Hearing Transcript, pp. 6-7, 4/20/09.

state trial court sentenced Coleman to serve concurrent prison sentences of 40 years for armed robbery and five years for aggravated battery.[5]

On direct appeal to the Louisiana First Circuit, Coleman's appointed counsel asserted two errors:[6] (1) The state trial court erred in allowing Coleman to waive his right to a jury trial. (2) His sentence illegally restricted Coleman from receiving diminution of sentence. The Louisiana First Circuit affirmed the conviction on February 12, 2010, finding no merit in the claims.[7]

The Louisiana Supreme Court denied Coleman's related writ application without stated reasons on April 29, 2011.[8] His conviction became final under federal law[9] ninety (90) days later on July 28, 2011, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

---

[5]St. Rec. Vol. 2 of 3, Sentencing Transcript, pp. 2-3, 5/14/09. The sentencing hearing began on April 24, 2009, and ended when Coleman became disruptive. St. Rec. Vol. 2 of 3, Sentencing Transcript, 4/24/09.

[6]St. Rec. Vol. 3 of 3, Appeal Brief, 2009-KA-1388, undated.

[7]Coleman, 35 So.3d at 1096; St. Rec. Vol. 2 of 3, 1st Circuit Opinion, 2009-KA-1388, 2/12/10.

[8]State v. Coleman, 62 So.3d 103 (La. 2011); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2010-KH-0894, 4/29/11; St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2010-KH-0894, 4/20/10. The State failed to provide a copy of this writ application with its opposition response.

[9]The State's opposition memorandum incorrectly calculated finality under state law.

On July 1, 2011, Coleman signed and submitted to the state trial court an application for post-conviction relief asserting three claims:[10] (1) The state trial court erred in denying a continuance or trial recess to allow him to procure defense witnesses. (2) He was denied effective assistance of counsel when counsel failed to subpoena defense witnesses. (3) His sentence was excessive. After additional briefing, the state trial court deferred ruling on claim two but denied relief as to the first claim as meritless and the third claim as improper for post-conviction review, citing State ex rel. Meline v. State, 665 So.2d 1172 (La. 1996).[11]

The state trial court appointed counsel for Coleman and on September 19, 2012, held an evidentiary hearing on the ineffective assistance of counsel claim.[12] At the conclusion of the hearing, the court found no merit in the claim.[13]

On January 28, 2013, the Louisiana First Circuit denied Coleman's related writ application without stated reasons.[14] On July 31, 2013, the Louisiana Supreme Court denied Coleman's related writ application without stated reasons.[15]

---

[10]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, 7/7/11 (dated 7/1/11).

[11]St. Rec. Vol. 2 of 3, Reasons for Judgment, 10/14/11; Trial Court Judgment, 10/14/11.

[12]St. Rec. Vol. 3 of 3, Transcript of Reasons for Judgment, 9/19/12.

[13]St. Rec. Vol. 3 of 3, Transcript of Reasons for Judgment, 9/19/12; Trial Court's Judgment, 9/25/12.

[14]State v. Coleman, No. 2012-KW-2081, 2013 WL 12120466, at *1 (La. App. 1st Cir. Jan. 28, 2013); St. Rec. Vol. 3 of 3, 1st Cir. Order, 2012-KW-2081, 1/28/13. The record does not include a copy of this writ application.

[15]State ex rel. Coleman v. State, 118 So.3d 1116 (La. 2013); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KH-0421, 7/31/13; La. S. Ct. Writ Application, 13-KH-421, 2/22/13 (dated 2/18/13); La. S. Ct.

More than two years later, on September 29, 2015, Coleman signed and submitted a second application for post-conviction relief asserting that his conviction violated the Double Jeopardy Clause.[16]  On December 16, 2015, the state trial court denied relief, finding the application successive and untimely.[17]

On April 4, 2016, the Louisiana First Circuit denied Coleman's related writ application, finding the application for post-conviction relief untimely, citing La. Code Crim. P. art. 930.8.[18]  On August 4, 2017, the Louisiana Supreme Court denied Coleman's writ application for the same reason, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[19]

Coleman then sought additional state post-conviction review of his sentence and his double jeopardy claim in a writ application to the Louisiana First Circuit, which that court denied on February 20, 2018, as successive, repetitive and untimely, citing La.

_____

Letter, 2013-KH-421, 2/22/13.

[16]St. Rec. Vol. 3 of 3, Application for Post-Conviction Relief, 10/16/15 (dated 9/29/15).  In 2015, Coleman also sought certain record copies from the state trial court, which is not relevant to the limitations calculation in this case having occurred after the one-year AEDPA limitations period expired, as calculated later in this report.  See St. Rec. Vol. 3 of 3, Letter Seeking Copies, 5/18/15; Clerk's Response, 5/22/15; Motion for Production of Documents, 6/2/15; Trial Court Order, 6/5/15; Clerk's Response, 6/15/15.

[17]St. Rec. Vol. 3 of 3, Trial Court Reasons for Judgment, 12/16/15.

[18]St. Rec. Vol. 3 of 3, 1st Cir. Order, 2016-KW-0190, 4/4/16; Copy of 1st Cir. Writ Application, 2016-KW-190, undated.

[19]State ex rel. Coleman v. State, 222 So.2d 1248 (La. 2017); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2016-KH-0791, 8/4/17; La. S. Ct. Letter, 2016-KH-791, 5/2/16.  The State failed to produce a copy of this writ application.

Code Crim. P. arts. 930.4 and 930.8.[20]  To date, Coleman has not sought review of this ruling in the Louisiana Supreme Court.[21]

## III.    FEDERAL HABEAS PETITION

On September 11, 2017, after correction of certain deficiencies, the clerk of this court filed Coleman's federal habeas corpus petition in which he asserts that his conviction violated the Double Jeopardy Clause and his post-conviction application should not have been dismissed as untimely by the state courts.[22]

The State filed an answer and memorandum in opposition to Coleman's federal petition asserting that the petition is time-barred and otherwise fails adequately to articulate a double jeopardy claim.[23]

## III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[24] and

---

[20]State v. Coleman, No. 2017-KW-1558, 2018 WL 1009187, at *1 (La. App. 1st Cir. Feb. 20, 2018).

[21]A member of my staff contacted the office of the clerk of court for the Louisiana Supreme Court and confirmed that Coleman has no matters pending before that court.

[22]Rec. Doc. No. 4.

[23]Rec. Doc. No. 10.

[24]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir.

applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore applies to Coleman's petition, which, for reasons discussed below, is deemed filed on August 20, 2017.[25] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Coleman's federal petition was not timely filed. Coleman's petition should therefore be dismissed as time-barred.

## IV.  STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[26] <u>Duncan v. Walker</u>, 533 U.S. 167,

---

1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Coleman's deficient petition on August 24, 2017. The corrected petition was entered September 11, 2017, and the case was opened when pauper status was granted on September 13, 2017. Coleman indicated in the original deficient petition that he placed the petition in the prison mail system on August 20, 2017, which is the earliest date on which he could have submitted the pleadings to prison officials for mailing.

[26]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

179-80 (2001).  Coleman's conviction became final on July 28, 2011, which was 90 days after the Louisiana Supreme Court denied his direct appeal writ application.  Applying Section 2244 literally, Coleman had one year from finality of his conviction, until July 27, 2012, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Coleman has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S.

1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

10

> [Section] 2244(d)(2) provides that the period during which a properly filed
> state habeas application is pending must be excluded when calculating the
> one[-]year period. Under the plain language of the statute, any time that
> passed between the time that [petitioner's] conviction became final and the
> time that his state application for habeas corpus was properly filed must be
> counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2)

purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Coleman's case, the one-year AEDPA statute of limitations ordinarily would have begun to run on July 29, 2011, the day after his conviction was final under federal law. However, at that time, Coleman's first application for post-conviction relief already was pending in the state trial court and tolled commencement of the prescriptive period. The post-conviction application and related review remained pending in the state courts until July 31, 2013, when the Louisiana Supreme Court denied Coleman's writ application. The AEDPA one-year limitations period began to run the next day, August

1, 2013, and did so uninterrupted for 365 days, until August 1, 2014, when it expired. Coleman had <u>no</u> other properly filed application for state post-conviction relief or other collateral review during that time period that might have tolled the AEDPA one-year statute of limitations. His next application for post-conviction relief or other collateral review was not filed until September 19, 2015, which was more than 13 months <u>after</u> the one-year AEDPA statute of limitations expired. Coleman is not entitled to tolling for a state court filing made <u>after</u> expiration of the AEDPA limitations period. <u>See</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Therefore, under the mailbox rule, Coleman's federal petition is deemed filed on August 20, 2017, which was more than three years after the AEDPA one-year statute of limitations expired on August 1, 2014. His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is **RECOMMENDED** that Cody Coleman's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

13

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[27]

New Orleans, Louisiana, this ___11th___ day of May, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[27]Douglass referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.